UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| BONNIE L. THOMPSON, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 08-0297 (RMC) |
| HINSON & COMPANY, | ) ) ) | |
| Defendant. | ) ) | |

# ORDER

Plaintiff Bonnie L. Thompson was hired by Defendant Hinson & Company ("Hinson") as a sales associate on June 5, 2005. She was fired approximately two weeks later. In this action brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.*, and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621 *et seq.*, Ms. Thompson alleges that she was fired because of her race (Black) and her age (51). Hinson moves to compel arbitration and to stay these proceedings pending arbitration.

Ms. Thompson does not dispute that as a condition of her employment, she executed an arbitration agreement with Hinson that requires the parties "to arbitrate any and all disputes, claims, or controversies of any nature," including "claims of employment discrimination and harassment under Title VII [and the] ADEA." Def.'s Mot., Declaration of John J. Andreacci, Ex. 1 at 38. Nor does Ms. Thompson claim that the agreement is invalid, "undermine[s] the relevant statutory scheme[s]," *Cole v. Burns Intern. Sec. Servs.*, 105 F.3d 1465, 1468 (D.C. Cir. 1997), or fails to satisfy the five factors that are necessary to an enforceable arbitration agreement.[1]

---

[1] [T]he arbitration arrangement (1) provides for neutral arbitrators, (2) provides for more than minimal discovery, (3) requires a written award, (4) provides for all

Accordingly, it is

**ORDERED** that Hinson's motion to compel arbitration [Dkt. No. 8] is **GRANTED**; and it is

**FURTHER ORDERED** that these proceedings are **STAYED** pending completion of arbitration; and it is

**FURTHER ORDERED** that the parties shall file a joint status report by April 15, 2009.

**SO ORDERED**.


Date: July 15, 2008                              _____/s/_____
                                                 ROSEMARY M. COLLYER
                                                 United States District Judge

---

of the types of relief that would otherwise be available in court, and (5) does not require employees to pay either unreasonable costs or any arbitrators' fees or expenses as a condition of access to the arbitration forum.

*Cole*, 105 F.3d at 1482.