IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BONNIE L. THOMPSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:08-cv-00297(RMC) |
| ) | |
| HINSON & COMPANY, ) | |
| ) | |
| Defendant. ) | |

### HINSON AND COMPANY'S OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION

I.  **Introduction**

Hinson filed a motion to compel arbitration and to stay this litigation pending the arbitration proceeding.

In response, Thompson did not dispute that, as a condition of employment, she executed an arbitration agreement with Hinson that requires her to arbitrate Title VII and ADEA claims. Neither did Thompson contend that the agreement is invalid. Nor did she argue that arbitration under the agreement would require her to forego any statutory rights.

Rather, she asked the Court to deny Hinson's motion because she preferred to try her case to a jury: "Plaintiff initially requested to the court a trial by jury and reiterates that request. Wherefore, Plaintiff requests that the Defendant's motion to compel arbitration be denied." *Thompson v. Hinson & Co.*, C.A. No. 08-297 (RMC), Opposition to Hinson & Company's Motion to Compel Arbitration and Stay Litigation Pending the Arbitration Proceeding (D.D.C. Filed May 6, 2008).

RPP/267812.1

The Court granted Hinson's Motion. Now, Thompson has asked the Court to reconsider its ruling.

Thompson has failed, however, to prove, or even remotely suggest, that the law has changed since the Court granted Hinson's motion, that she has discovered new evidence, or that the Court committed a clear error. Thus, her motion is meritless. And, the Court should deny it.

II. **Argument**

Federal Rule of Civil Procedure 54(b) governs reconsideration of interlocutory orders. *Williams v. Savage*, No. Civ. A. 07-0583(RMU) 2008 WL 2977585, at * 6-7 (D.D.C. Aug. 5, 2008);[1] *Zeigler v. Potter*, 555 F. Supp. 2d 126, 129 (D.D.C. 2008); *In Def. of Animals v. Nat'l. Insts. of Health*, 543 F. Supp. 2d 70, 75 (D.D.C. 2008); *Singh v. George Wash. Univ.*, 383 F. Supp. 2d 99, 101 (D.D.C. 2005).

It provides as follows:

> [A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b).

To prevail in a Rule 54(b) motion for reconsideration, the movant generally must demonstrate: "(1) an intervening change in the law; (2) the discovery of new evidence not previously available; or (3) a clear error in the first order." *Ziegler*, 555 F. Supp. 2d at 129 (quoting *Keystone Tobacco Co., Inc. v. U.S. Tobacco Co.*, 217 F.R.D. 235, 237 (D.D.C. 2003).

---

[1] A copy of *Williams* is attached hereto as Exhibit 1.

Thompson utterly has failed satisfy that standard. Indeed, she has not even tried.

Instead, she asks the Court to reconsider its decision because she (1) "did not understand about any arbitration because it was not explained to [her]"; and (2) "does not understand at this time whether or not [she] will be able to file another motion after arbitration." Thompson's contentions, however, contribute nothing to her case.

To the contrary, that she may have misunderstood the arbitration agreement's import is irrelevant to whether the agreement is enforceable. *Shelton v. The Ritz Carlton Hotel Co., LLC*, 550 F. Supp. 2d 74, 80 (D.D.C. 2008) ("Ms. Shelton argues that she did not knowingly and voluntarily waive her right to a jury trial. She asserts that due to her junior high education, she lacked the background to understand the contract. . . . The Court must reject this argument as under both D.C. and federal law one who signs a contract has a duty to read it and is obligated according to its terms."); *Nelson v. Insignia/Esg, Inc.*, 215 F. Supp. 2d 143, 151 (D.D.C. 2002) (rejects contention that arbitration agreement is unenforceable because it is not clear that the plaintiff was aware that "by signing this offer of employment letter, she signed away her rights to pursue any claims she might have in the judicial system.") (citation omitted); *Nur v. K.F.C., USA, Inc.*, 142 F. Supp. 2d. 48, 51 (D.D.C. 2001) ("Nur does not dispute that he signed the arbitration agreements, but maintains that he did not know 'the implications of his opting for arbitration' and that KFC did nothing to encourage him to 'think the matter through before signing'. . . . Nur's arguments are without merit.'") (citation omitted). Likewise, Thompson's professed unfamiliarity with post-arbitration motions practice has no bearing on whether she must arbitrate her claims. *See* Hinson's Memorandum in Support of its Motion to Compel Arbitration and Stay Litigation at 5-7.

RPP/267812.1

III.   **Conclusion**

The sure and speedy administration of justice requires that "'where litigants have once battled for the court's decision, they should neither be required, nor without good reason permitted, to battle for it again.'" *Singh*, 383 F. Supp. 2d at 101 (quoting *In re Ski Train Fire in Kaprun, Austria, on November 11, 2004*, 224 F.R.D. 543, 546 (S.D.N.Y. 2004). Thompson has had her proverbial bite at the apple. The Court has rendered its decision. And, Thompson has neither identified nor even remotely alluded to a good reason for the Court to revisit it.

So, the Court should deny her Motion for Reconsideration.[2]

Respectfully submitted,

/s/ Henry Morris, Jr.
Henry Morris, Jr.
Arent Fox PLLC
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036-5339
Telephone: (202) 857-6000
Facsimile: (202) 857-6395

Attorneys for Hinson and Company

---

[2]   Thompson has asked the Court to appoint a *pro bono* lawyer to represent her. That request, however, is moot unless the Court rescinds its Order compelling arbitration.

## CERTIFICATE OF SERVICE

I certify that on this 15th day of August, 2008, I caused to be delivered, by certified mail, postage prepaid and return receipt requested, a copy of the foregoing Hinson and Company's Opposition to Plaintiff's Motion for Reconsideration upon the following:

>Ms. Bonnie L. Thompson
>2525 S Adams Street. Apt 206
>Arlington, Virginia  22206


　　　　　/s/ Henry Morris, Jr.
Henry Morris, Jr.

RPP/267812.1

Westlaw.

--- F.Supp.2d ----
--- F.Supp.2d ----, 2008 WL 2977585 (D.D.C.)

Page 1

**H**
Williams v. Savage
D.D.C.,2008.
Only the Westlaw citation is currently available.
United States District Court,District of Columbia.
Don E. WILLIAMS et al., Plaintiffs,
v.
Pernell L. SAVAGE et al., Defendants.
**Civil Action No. 07-0583 (RMU).**

Aug. 5, 2008.

**Background:** Driver and witnesses to motor vehicle accident brought action alleging that police officers involved in reporting accident violated their federal rights, and that other driver and his insurance company engaged in fraud and negligence. After dismissal of some claims against officers, 538 F.Supp.2d 34, plaintiffs moved to amend their complaint and to alter or amend judgment, and insurance defendants' moved to dismiss, for more definite statement, and for judgment on pleadings.

**Holdings:** The District Court, Urbina, J., held that:
(1) plaintiffs' status as recovering or recovered alcoholics was not sufficient to establish their status as disabled under ADA;
(2) plaintiffs were not entitled to amend their complaint to assert racial discrimination claim; and
(3) insurer was not "public entity."

Motions granted in part and denied in part.

**[1] Federal Civil Procedure 170A**

170A Federal Civil Procedure
Plaintiff has absolute right to amend complaint once at any time so long as defendant has not served responsive pleading and court has not decided motion to dismiss. Fed.Rules Civ.Proc.Rule 15(a), 28 U.S.C.A.

**[2] Federal Civil Procedure 170A**

170A Federal Civil Procedure

If there is more than one defendant, and not all have served responsive pleadings, plaintiff may amend complaint as matter of course with regard to those defendants that have yet to answer. Fed.Rules Civ.Proc.Rule 15(a), 28 U.S.C.A.

**[3] Federal Civil Procedure 170A**

170A Federal Civil Procedure
Denial of leave to amend constitutes abuse of discretion unless court gives sufficient reason, such as futility of amendment, undue delay, bad faith, dilatory motive, undue prejudice, or repeated failure to cure deficiencies by previous amendments. Fed.Rules Civ.Proc.Rule 15(a), 28 U.S.C.A.

**[4] Federal Civil Procedure 170A**

170A Federal Civil Procedure
Non-movant generally carries burden in persuading court to deny leave to amend. Fed.Rules Civ.Proc.Rule 15(a), 28 U.S.C.A.

**[5] Federal Civil Procedure 170A**

170A Federal Civil Procedure
Denial of leave to amend based on futility is warranted if proposed claim would not survive motion to dismiss. Fed.Rules Civ.Proc.Rule 15(a), 28 U.S.C.A.

**[6] Civil Rights 78**

78 Civil Rights
Mere status of driver and witnesses to motor vehicle accident as recovering or recovered alcoholics was not sufficient to establish their status as disabled under ADA, absent indication of how their impairment substantially limited major life activity. Americans with Disabilities Act of 1990, § 3(2), 42 U.S.C.A. § 12102(2).

**[7] Civil Rights 78**

78 Civil Rights

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

--- F.Supp.2d ----  
--- F.Supp.2d ----, 2008 WL 2977585 (D.D.C.)

Page 2

Court may deny motion for leave to amend if party demonstrates dilatory motive or bad faith. Fed.Rules Civ.Proc.Rule 15, 28 U.S.C.A.

**[8] Civil Rights 78 €—0**

78 Civil Rights  
Dilatory motive warranting denial of motion for leave to amend exists where party has ample time to amend pleading before court takes dispositive action and fails to do so. Fed.Rules Civ.Proc.Rule 15, 28 U.S.C.A.

**[9] Civil Rights 78 €—0**

78 Civil Rights  
Plaintiffs' failure to assert racial discrimination claim in their civil rights action against police officers constituted dilatory motive or bad faith sufficient to warrant denial of their motion for leave to amend their complaint, where plaintiffs possessed relevant information about their racial composition and police department's alleged differential treatment of groups based on race when they filed their original complaint, but failed to justify their delay. Fed.Rules Civ.Proc.Rule 15, 28 U.S.C.A.

**[10] Federal Civil Procedure 170A €—0**

170A Federal Civil Procedure  
Reconsideration of interlocutory decision is available as justice requires. Fed.Rules Civ.Proc.Rule 54(b), 28 U.S.C.A.

**[11] Federal Civil Procedure 170A €—0**

170A Federal Civil Procedure  
District court's discretion to revise its own interlocutory decisions is limited by law of the case doctrine, and subject to caveat that, where litigants have once battled for court's decision, they should neither be required, nor without good reason permitted, to battle for it again. Fed.Rules Civ.Proc.Rule 54(b), 28 U.S.C.A.

**[12] Civil Rights 78 €—0**

78 Civil Rights  
Automobile insurer did not operate place of public accommodation, and thus was not subject to liability under Title III of ADA in action alleging that insurer's failure to settle claims against its insured was motivated by disability discrimination. Americans with Disabilities Act of 1990, § 302, 42 U.S.C.A. § 12182.

**[13] Civil Rights 78 €—0**

78 Civil Rights  
Insurance policies are not physical locations, and thus are not "places of public accommodation" under Title III of ADA. Americans with Disabilities Act of 1990, § 302, 42 U.S.C.A. § 12182.

**[14] Civil Rights 78 €—0**

78 Civil Rights  
Automobile insurer was not "public entity," and thus was not subject to liability under Title II of ADA in action alleging that insurer's failure to settle claims against its insured was motivated by disability discrimination. Americans with Disabilities Act of 1990, § 201, 42 U.S.C.A. § 12131.

**[15] Constitutional Law 92 €—0**

92 Constitutional Law  
Claims under First Amendment may only be brought against state actors. U.S.C.A. Const.Amend. 1.

**[16] Civil Rights 78 €—0**

78 Civil Rights  
Plaintiff can bring § 1981 claims against private actors, but complaint must allege facts that would show how private actors racially discriminated against plaintiffs. 42 U.S.C.A. § 1981.

**[17] Civil Rights 78 €—0**

78 Civil Rights  
To maintain claim under § 1983, plaintiffs must allege violation of federal right. 42 U.S.C.A. § 1983.

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

--- F.Supp.2d ----  
--- F.Supp.2d ----, 2008 WL 2977585 (D.D.C.)

Page 3

**[18] Civil Rights 78** ⚞0

78 Civil Rights  
Federal statute prohibiting conspiracy to violate civil rights is only available when plaintiffs successfully state underlying violation of federal rights that resulted from alleged conspiracy. 42 U.S.C.A. § 1985.

**[19] Federal Civil Procedure 170A** ⚞0

170A Federal Civil Procedure  
District court may dismiss claims sua sponte if it is patently obvious that dismissal is appropriate.

**[20] Federal Courts 170B** ⚞0

170B Federal Courts  
In deciding whether to assert supplemental jurisdiction over state claim, court should consider whether judicial economy, convenience, and fairness to litigants weigh in favor of doing so. 28 U.S.C.A. § 1367(c).

Steven M. Spiegel, Alexandria, VA, for Plaintiffs.  
Darragh L. Inman, Kahn, Smith & Collins, P.A., Baltimore, MD, Carl James Schifferle, Office of the Corporation Counsel, Steven J. Anderson, Office of Attorney General for DC, Washington, DC, Michael A. Desantis, Hartel, Kane, Desantis, Macdonald & Howie, LLP, Beltsville, MD, for Defendants.

*MEMORANDUM OPINION*

RICARDO M. URBINA, District Judge.

**DENYING THE PLAINTIFFS' MOTION TO AMEND THE COMPLAINT; DENYING THE PLAINTIFFS' MOTION TO ALTER OR AMEND THE JUDGMENT [FN1]; GRANTING THE INSURANCE DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS; DENYING THE INSURANCE DEFENDANTS' MOTION FOR MORE DEFINITE STATEMENT; GRANTING THE INSURANCE DEFENDANTS' MOTION TO DISMISS; *SUA SPONTE* DISMISSING THE CLAIMS AGAINST KINGSBERRY**

**I. INTRODUCTION**

*1 Before the court are the plaintiffs' motions to amend their complaint and to alter or amend the judgment along with the insurance defendants' motions to dismiss, for more definite statement and for judgment on the pleadings. The case centers on an ordinary car accident. The plaintiffs are the driver of the struck vehicle and his two friends who witnessed the accident. The defendants are the District of Columbia and three police officers involved in reporting the accident (collectively "the D.C. defendants"), the other driver, his insurance company and one of its employees (collectively "the insurance defendants") and a witness of the accident. The plaintiffs sued, alleging discrimination under 42 U.S.C. §§ 1981, 1983 and 1985, the First Amendment and the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12131 *et seq.*, on the basis of race and disability in the preparation of the police report along with negligence and fraud on the part of the defendant driver and the insurance company.

Because the plaintiffs' proposed amendments are futile and untimely, the court denies the motion to amend the complaint. Similarly, the court denies the motion to alter or amend the judgment because there was no clear error or misapprehension in its opinion dismissing claims against the D.C. defendants. Furthermore, because the insurance defendants are not state actors, the court dismisses the civil rights claims against them, and because an insurance policy is not a public accommodation under the Americans with Disabilities Act, the court dismisses claims arising under that statute. Likewise, the court dismisses *sua sponte* the claims against defendant Kingsberry because it is patently obvious that the plaintiffs failed to state a claim against her. Having disposed of the federal claims, the court declines supplemental jurisdiction over the pendant

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

Case 1:08-cv-00297-RMC    Document 14-2    Filed 08/15/2008    Page 4 of 14
Page 5 of 15

--- F.Supp.2d ----
--- F.Supp.2d ----, 2008 WL 2977585 (D.D.C.)

Page 4

state law claims for negligence and fraud and dismisses them.

## II. BACKGROUND

### A. Factual Background

The following facts are as alleged in the complaint: This case arises from a car accident that occurred March 24, 2004, on H and 11th Streets in Southeast D.C. Compl. ¶ 15. Plaintiff Williams was traveling southbound on 11th Street and crossed into the intersection on a green light. *Id.* At the same time, defendant Savage drove his car westbound on H Street, through the red light, and collided with Williams. *Id.* ¶ 22. When the accident occurred, Williams, along with plaintiffs McQueen and Allen, had just left a meeting of Alcoholics Anonymous ("AA") at a nearby church. *Id.* ¶¶ 16, 20. All three plaintiffs were, at all relevant times, recovered [FN2] alcoholics. *Id.* ¶¶ 17, 19.

In the aftermath of the accident, plaintiff Williams went to the hospital, and defendant Freeman, an officer with the Metropolitan Police Department, arrived at the scene to fill out a traffic accident report form. *Id.* ¶ 27. Defendant Freeman took statements from at least four people, including defendants Kingsberry and Savage, but refused to take statements from plaintiffs McQueen and Allen, because they were members of AA or because they were black. *Id.* ¶¶ 28-38, 67. On the basis of these statements, defendant Freeman concluded that plaintiff Williams was at fault in the accident and issued him a citation. *Id.* ¶ 40. When the plaintiff appeared at the Traffic Adjudication Bureau to contest the citation, he was told that there had been a mistake, and the citation was apparently dropped. *Id.* ¶ 41.

*2 The plaintiff sought to correct the traffic report by contacting the General Counsel for defendant District of Columbia who told him that there was no formal procedure for making corrections but that plaintiff Williams should write him a letter explaining the inaccuracies and he would "see that it was corrected." *Id.* ¶ 42. Plaintiff Williams did write such a letter and it was referred to defendant Sgt. Bernard under the supervision of defendant Commander Green. *Id.* ¶ 44. Defendant Bernard investigated the matter by interviewing additional witnesses but did not change the report. *Id.* ¶ 45. None of the police officers ever interviewed plaintiffs McQueen and Allen. *Id.* ¶ 50.

The inaccuracies in the police report prevented plaintiff Williams from recovering a settlement from defendant Progressive, defendant Savage's insurer. *Id.* ¶ 52. When the plaintiffs' lawyer contacted defendant Dykes, an insurance adjuster at Progressive, to inform him about the inaccuracies, Dykes responded that "he really didn't care if his insured had lied." *Id.* ¶ 58. As a result of the accident and the fraud, plaintiff Williams suffered physical injuries as well as emotional distress, delay in recovery and litigation expenses. *Id.* ¶ 74.

### B. Procedural History

The plaintiffs filed their complaint on March 26, 2007, alleging violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12131 *et seq.*, civil rights statutes 42 U.S.C. §§ 1981, 1983 and 1985, their rights of access to the courts, religious liberties and petition rights as protected by the First Amendment as well as negligence on the part of defendant Savage and fraud on the part of all the insurance defendants. *See generally* Compl. In August 2007, the D.C. defendants moved to dismiss the case. On March 10, 2008, the court granted that motion because the plaintiffs are not disabled under the ADA, because they conceded their failure to state a claim under § 1981, because they have not been denied access to the courts and because they failed to state an underlying violation to sustain claims under §§ 1983 and 1985. In late March, the plaintiffs filed motions to reconsider the dismissal and to amend the complaint and a supplemental motion containing additional argument. The D.C. defendants timely filed an opposition and the

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

--- F.Supp.2d ----
--- F.Supp.2d ----, 2008 WL 2977585 (D.D.C.)

Page 5

plaintiffs filed a reply.

As for the insurance defendants, defendant Progressive filed its first motion to dismiss on September 13, 2007.[FN3] On January 15, 2008, defendants Savage and Dykes filed a motion to dismiss ("Defs.' Mot. Dismiss") or in the alternative, a motion for more definite statement. On January 29, the plaintiffs filed an opposition ("Pls.' Opp'n"). On that same day, defendant Progressive filed a second motion to dismiss. On May 22, this court accepted that motion as a motion for judgment on the pleadings ("Defs.' Mot. J. Plead."). The plaintiffs have failed to respond to this motion.

*3 The court now turns to the plaintiffs' motions to amend the complaint and to alter or amend the court's earlier decision as well as the insurance defendants' motions to dismiss and for judgment on the pleadings. To resolve the status of the case, the court also addresses, *sua sponte,* the claims against defendant Kingsberry.

### III. ANALYSIS

#### A. The Court Denies the Plaintiffs' Motion to Amend the Complaint

##### 1. Legal Standard for a Motion for Leave to Amend the Complaint

[1][2] Under Federal Rule of Civil Procedure 15(a), a party may amend its pleading once as a matter of course at any time before a responsive pleading is served. FED.R.CIV.P. 15(a). Additionally, Rule 15(a) allows a party to amend its pleading to add a new party. *Id.;Wiggins v. Dist. Cablevision, Inc.,* 853 F.Supp. 484, 499 (D.D.C.1994); 6 FED. PRAC. & PROC. 2d § 1474. According to decisions of this circuit, Rule 15(a)"guarantee[s] a plaintiff an absolute right" to amend the complaint once at any time so long as the defendant has not served a responsive pleading and the court has not decided a motion to dismiss. *James v. Hurson Assocs., Inc. v. Glickman,* 229 F.3d 277, 282-83 (D.C.Cir.2000) (citing FED.R.CIV.P. 15(a)). If there is more than one defendant, and not all have served responsive pleadings, the plaintiff may amend the complaint as a matter of course with regard to those defendants that have yet to answer. 6 FED. PRAC. & PROC. 2d § 1481. Motions to dismiss and for summary judgment do not qualify as responsive pleadings for the purposes of Rule 15. *James,* 229 F.3d at 283;*Bowden v. United States,* 176 F.3d 552, 555 (D.C.Cir.1999); *U.S. Info. Agency v. Krc,* 905 F.2d 389, 399 (D.C.Cir.1990).

[3] Once a responsive pleading is served, however, a plaintiff may amend the complaint only by leave of the court or by written consent of the adverse party. FED.R.CIV.P. 15(a); *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). The grant or denial of leave lies in the sound discretion of the district court. *Firestone v. Firestone,* 76 F.3d 1205, 1208 (D.C.Cir.1996) (per curiam). The court must, however, heed Rule 15's mandate that leave is to be "freely given when justice so requires."*Id.;Caribbean Broad. Sys., Ltd. v. Cable & Wireless P.L.C.,* 148 F.3d 1080, 1083 (D.C.Cir.1998). Indeed, "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits."*Foman,* 371 U.S. at 182. Denial of leave to amend therefore constitutes an abuse of discretion unless the court gives sufficient reason, such as futility of amendment, undue delay, bad faith, dilatory motive, undue prejudice or repeated failure to cure deficiencies by previous amendments. *Id.;Caribbean Broad. Sys.,* 148 F.3d at 1083.

[4] Courts require a sufficient basis for denial of leave to amend because the purpose of pleading under the Federal Rules of Civil Procedure is "to facilitate a proper decision on the merits," not to set the stage for "a game of skill in which one misstep by counsel may be decisive to the outcome."*Foman,* 371 U.S. at 181-82 (citing *Conley v. Gibson,*

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

--- F.Supp.2d ----  
--- F.Supp.2d ----, 2008 WL 2977585 (D.D.C.)

Page 6

355 U.S. 41, 48, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). To further the goal of deciding cases on their merits and avoiding adjudication by technicality, Rule 15 allows for amendment "whereby a party who harmlessly failed to plead an affirmative defense may find satisfaction" rather than allowing the party to lose because of a minor technical mistake made in its original pleading. *Harris v. Sect'y, U.S. Dep't of Veterans Affairs,* 126 F.3d 339, 343 (D.C.Cir.1997). Under Rule 15(a), the non-movant generally carries the burden in persuading the court to deny leave to amend. *Cf. Dussouy v. Gulf Coast Inv. Corp.,* 660 F.2d 594, 598 n. 2 (5th Cir.1981) (endorsing exceptions to the general rule that the burden of persuasion rests with the non-movant in the Rule 15(a) context); *see also Gudavich v. District of Columbia,* 22 F. App'x 17, 18 (D.C.Cir.2001) (noting that the non-movant "failed to show prejudice from the district court's action in allowing the [movant's] motion to amend") (unpublished decision).

*4 [5] Denial of leave to amend based on futility is warranted if the proposed claim would not survive a motion to dismiss. *James Madison Ltd. v. Ludwig,* 82 F.3d 1085, 1099 (D.C.Cir.1996). An amended complaint is futile if it merely restates the same facts as the original complaint in different terms, reasserts a claim on which the court previously ruled, fails to state a legal theory or could not withstand a motion to dismiss. *Robinson v. Detroit News, Inc.,* 211 F.Supp.2d 101, 114 (D.D.C.2002) (quoting 3 FED. PRAC. 3d § 15.15 [3] ); *Willoughby v. Potomac Elec. Power Co.,* 100 F.3d 999, 1003 (D.C.Cir.1996) (affirming the district court's denial of leave to amend given the "little chance" that plaintiff would succeed on his claim).

### 2. The Plaintiffs' Proposed Amendments Regarding Their Disability Status Would Be Futile

The plaintiffs would like to amend their complaint to replace the term "recovered alcoholic" with the term "recovering alcoholic." Pls.' Mot. at 1. They contend that doing so would alter the primary basis for the court's decision to dismiss the ADA claims. *Id.* at 4. Additionally, they argue that the defendants were already on notice of their intention to use "recovering" because they did so in their opposition to the D.C. defendants' motion to dismiss. *Id.* at 3. The D.C. defendants respond that leave to amend should be denied for three reasons: the plaintiffs fail to meet the stringent standards of Rule 59(e) for reconsideration [FN4]; the two terms are inconsistent and inconsistent amendments are prohibited; and the amendment would be futile. Defs.' Opp'n at 2-3. The plaintiffs reply that the terms are not inconsistent because the ADA applies to recovered alcoholics and that their proposed amendment is not futile because it cures the defect the court found in the original complaint: that the plaintiffs were not disabled. Pls.' Reply at 3, 5.

Initially, because the court's March 2008 opinion was not a final judgment, the procedures of Rule 59(e) do not apply. *Childers v. Slater,* 197 F.R.D. 185, 190 (D.D.C.2000); FED.R.CIV.P. 54 (detailing the difference between a final judgment and a partial judgment). Second, the plain terms of the ADA covers those who currently have "a physical or mental impairment that substantially limits one or more ... major life activities" as well as those with "a record of such an impairment."42 U.S.C. § 12102(2). Therefore, the terms "recovered" and "recovering" are not inconsistent. *Reg'l Econ. Cmty. Action Program, Inc. v. City of Middletown ("RECAP"),* 294 F.3d 35, 48 (2d Cir.2002) (holding that the potential clients of a half-way house for alcoholics are disabled under the ADA either because they have a current disability or because they "have a record of having an impairment").

[6] Amending the complaint, however, would not overcome the court's alternative justification for dismissing the plaintiffs' ADA claim. *See* Mem. Op. (Mar. 10, 2008) at 8 (dismissing the claim because the plaintiffs failed to allege "a substantial impairment to a major life activity"). Mere status as a recovering or recovered alcoholic is not sufficient

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

--- F.Supp.2d ----
--- F.Supp.2d ----, 2008 WL 2977585 (D.D.C.)

Page 7

to be disabled under the ADA. *RECAP,* 294 F.3d at 47. First, to qualify under either part of the definition, the plaintiff must allege that he is or was substantially impaired in a major life activity. *Id.* (noting that major life activities are those "of *central importance to most people's daily lives*") (quoting *Toyota Motor Mfg., Ky., Inc. v. Williams,* 534 U.S. 184, 122 S.Ct. 681, 151 L.Ed.2d 615 (2002)). Second, the impairment must have a permanent or long-term impact.*Burch v. Coca-Cola Co.,* 119 F.3d 305, 316 (5th Cir.1997) (distinguishing between frequent "temporarily incapacitating" inebriation and a permanent impairment).

*5 Here, the plaintiffs' only allusions to the substantial impairment of a major life activity are 1) that if their participation in AA were interrupted, it would "substantially impair [their] ability to care for" themselves and that they "could not function" and 2) that they were "lost in drink" before joining AA. Proposed Am. Compl. ¶¶ 17, 19. As to the first allegation, the ADA does not apply to speculative future disabilities. *See*42 U.S.C. § 12102(2) (defining disability to include only current or past impairments); *see also Sutton v. United Air Lines, Inc.,* 527 U.S. 471, 482-83, 119 S.Ct. 2139, 144 L.Ed.2d 450 (1999) (concluding that a "disability exists only where an impairment substantially limits a major life activity, not where it might, could, or would be substantially limiting if mitigating measures were not taken) (internal quotations omitted). As to the second contention, the plaintiffs provide no clarification as to what being "lost in drink" entails and provide no additional facts as to their past impairments, if any. *See generally* Proposed Amended Compl. The allegation that the plaintiffs have a record of an impairment to a substantial life activity is unsupported by facts and merely a legal conclusion masquerading as a factual allegation. *See Warren v. District of Columbia,* 353 F.3d 36, 40 (D.C.Cir.2004). Although they need not plead every element of a prima facie case to survive a motion to dismiss, *Swierkiewicz,* 534 U.S. at 510-11, under the ADA the plaintiffs must indicate how their impairment substantially limits a major life activity, *Sutton,* 527 U.S. at 488-89. Because the plaintiffs' amended complaint does not adequately allege that the plaintiffs are qualified individuals with disabilities, it would not survive a motion to dismiss and is therefore futile.[FN5]*See Willoughby,* 100 F.3d at 1003 (affirming the denial of leave to amend when there is "little chance" that the plaintiff's claim would succeed). The court, therefore, denies the plaintiffs' motion to amend their complaint regarding their status as alcoholics.

### 3. The Plaintiff's Proposed Amendments Regarding the Race Discrimination Allegations Are Untimely

The plaintiffs also request that the court grant leave to amend their complaint by adding two paragraphs with additional facts to support their race discrimination claims under § 1981. *See* Proposed Amended Compl. ¶¶ 67-68. The D.C. defendants respond that leave to amend should be denied because the plaintiffs fail to meet the stringent standards of Rule 59(e) for reconsideration [FN6] and because the amendment only serves to support new arguments that the plaintiffs could have raised, but failed to, in their opposition to the motion to dismiss. Defs.' Opp'n at 2.

The Supreme Court recognizes that a goal of the Federal Rules of Civil Procedure is to facilitate the disposition of cases on their merits and avoid adjudication by technicality. *Foman,* 371 U.S. at 181-82. Rule 15 therefore allows for amendment by a party who "harmlessly failed to plead" a relevant point rather than allowing the party to lose because of a minor technical mistake. *Harris,* 126 F.3d at 343. In *Harris,* the D.C. Circuit held that the failure to plead an affirmative defense based on the statute of limitations could be harmless because responding to the defense requires no discovery and does not alter trial strategy. *Id.* at 343-44.In this case, the plaintiffs' opposition to the motion to dismiss demonstrates that they knew of their right to respond to the defendants' arguments and that they

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

--- F.Supp.2d ----  
--- F.Supp.2d ----, 2008 WL 2977585 (D.D.C.)

Page 8

chose not to do so. *See generally* Pls.' Opp'n. This makes the plaintiffs' failure to put forth any argument in response to the D.C. defendants' motion to dismiss their § 1981 claim more than a "minor technical mistake." *See id.* It is a concession of the point. *Fox v. Am. Airlines, Inc.,* 2003 WL 21854800, at *2 (D.D.C. Aug.5, 2003). Such concession is more akin to waiver than harmless error. *See Harris,* 126 F.3d at 343 n. 2 (defining waiver as the "intentional relinquishment or abandonment of a known right" and holding that "no cure [for waiver] is available under Rule 15") (quoting *U.S. v. Olano,* 507 U.S. 725, 733, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993) (first quotation)).

*6 [7][8][9] Moreover, a court may deny a motion for leave to amend if the party demonstrates a dilatory motive or bad faith. *Foman,* 371 U.S. at 182. Such motive exists where a party has ample time to amend a pleading before a court takes dispositive action and fails to do so. *Williamsburg Wax Museum v. Historic Figures, Inc.,* 810 F.2d 243, 248 (D.C.Cir.1987) (affirming the denial of a motion to amend because the plaintiff was "extremely tardy"); *U.S. Labor Party v. Oremus,* 619 F.2d 683, 692 (7th Cir.1980) (affirming the denial of a motion to amend because there was "no explanation for the delay in not raising the new issue prior to" the court's disposition of the case); *see also Childers v. Mineta,* 205 F.R.D. 29, 32 (D.D.C.2001) (granting leave to amend when the plaintiff could not have known about the second claim at the time she filed the complaint). Here, the plaintiffs possessed the relevant information about the racial composition of their AA group and the police department's alleged differential treatment of AA groups based on race when they filed their original complaint. *See* Pls.' Mot. at 6. Because the plaintiffs could have included these allegations earlier and because they have not justified their delay, they have demonstrated a dilatory motive or bad faith. *See Gov't Relations Inc. v. Howe,* 2007 WL 201264, at *5 (D.D.C. Jan.24, 2007) (denying leave to amend because counsel was out of town and missed the deadline for filing amended pleadings).

The plaintiffs may not flout the rules that provide for the orderly disposition of cases and then ask this court's indulgence so that they may try again. *See U.S. Labor Party,* 619 F.2d at 692. Accordingly, the court denies the plaintiffs' motion for leave to amend the complaint regarding racial discrimination.

### B. The Court Denies the Plaintiffs' Motion to Alter or Amend the Judgment

#### 1. Legal Standard for Altering or Amending an Interlocutory Judgment

[10] A district court may revise its own interlocutory decisions "at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."FED.R.CIV.P. 54(b); *see also Childers v. Slater,* 197 F.R.D. 185, 190 (D.D.C.2000) (citing Federal Rule of Civil Procedure 60(b)'s Advisory Committee Notes). The standard of review for interlocutory decisions differs from the standards applied to final judgments under Federal Rules of Civil Procedure 59(e) and 60(b).*Compare Muwekma Tribe v. Babbitt,* 133 F.Supp.2d 42, 48 n. 6 (D.D.C.2001), *and United Mine Workers v. Pittston Co.,* 793 F.Supp. 339, 345 (D.D.C.1992), *with LaRouche v. Dep't of Treasury,* 112 F.Supp.2d 48, 51-52 (D.D.C.2000), *and Harvey v. District of Columbia,* 949 F.Supp. 878, 879 (D.D.C.1996). A motion pursuant to 59(e), to alter or amend a judgment after its entry, is not routinely granted. *Harvey,* 949 F.Supp. at 879. The primary reasons for altering or amending a judgment pursuant to Rule 59(e) are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice. *Id.;Firestone,* 76 F.3d at 1208. Motions pursuant to Rule 60(b) may be granted for similar reasons. FED.R.CIV.P. 60(b); *LaRouche,* 112 F.Supp.2d at 51-52. Reconsideration of an interlocutory decision is available under the standard, "as justice requires." *Childers,* 197 F.R.D. at 190.

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

--- F.Supp.2d ----  
--- F.Supp.2d ----, 2008 WL 2977585 (D.D.C.)

Page 9

*7 [11] "As justice requires" indicates concrete considerations of whether the court "has patently misunderstood a party, has made a decision outside the adversarial issues presented to the [c]ourt by the parties, has made an error not of reasoning, but of apprehension, or where a controlling or significant change in the law or facts [has occurred] since the submission of the issue to the court."*Cobell v. Norton,* 224 F.R.D. 266, 272 (D.D.C.2004) (internal citation omitted). These considerations leave a great deal of room for the court's discretion and, accordingly, the "as justice requires" standard amounts to determining "whether reconsideration is necessary under the relevant circumstances."*Id.* Nonetheless, the court's discretion under 54(b) is limited by the law of the case doctrine and "subject to the caveat that, where litigants have once battled for the court's decision, they should neither be required, nor without good reason permitted, to battle for it again."*Singh v. Geo. Wash. Univ.,* 383 F.Supp.2d 99, 101 (D.D.C.2005) (internal citations omitted).

### 2. The Plaintiffs Do Not Present a Sufficient Rationale to Alter or Amend the Judgment

The plaintiffs argue that the court should alter or amend its opinion dismissing the ADA and §§ 1981 and 1983 claims against the D.C. defendants because their proposed amended complaint cures the defects the court found in the original complaint. Pls.' Mot. at 4-9. The defendants counter that the plaintiffs are merely raising arguments "for the first time that should have been advanced in plaintiffs' opposition to the motion to dismiss."Defs.' Opp'n at 2. They argue that the plaintiffs forfeited their chance to assert these arguments and that there is, therefore, no reason to revisit the court's decision. *Id.* They also assert that the law of the case doctrine prohibits reconsideration when no new issues are raised and the applicable legal standards have not changed. *Id.* In reply, the plaintiffs reiterate that because the court did not dismiss the claims with prejudice, the court should, based on the proposed amended complaint, reconsider its decision. Pls.' Reply at 1-8.

The plaintiffs' only rationale to alter or amend the court's earlier decision is based on the curative effect of their amended complaint. *See generally* Pls.' Mot. Because the court has already denied the motion to amend the complaint, the proposed amendments will not become part of the allegations in this case and, therefore, cannot be the basis to alter or amend the judgment. *See United Mine Workers,* 793 F.Supp. at 345 (allowing amendment because the moving party presented new evidence and affidavits). Furthermore, the plaintiffs present no evidence of clear error, misunderstanding or change in the governing law. *See generally* Pls.' Mot. Therefore, they have presented no reason why the court should reconsider its prior decision. *See Cobell,* 224 F.R.D. at 272 (denying a motion to alter or amend because the movant presented no change in law, new evidence or clear error). Accordingly, the court denies the plaintiffs' motion to alter or amend the judgment.

### C. The Court Grants the Insurance Defendants' Motions to Dismiss and for Judgment on the Pleadings for the Federal Claims

#### 1. Legal Standard for Rule 12(b)(6) Motion to Dismiss[FN7]

*8 A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of a complaint. *Browning v. Clinton,* 292 F.3d 235, 242 (D.C.Cir.2002). The complaint need only set forth a short and plain statement of the claim, giving the defendant fair notice of the claim and the grounds upon which it rests.*Kingman Park Civic Ass'n v. Williams,* 348 F.3d 1033, 1040 (D.C.Cir.2003) (citing FED.R.CIV.P. 8(a)(2) and *Conley v. Gibson,* 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957))."Such simplified notice pleading is made possible by the liberal opportunity for discovery and the other pre-trial procedures established by the Rules to disclose more precisely the basis of both claim and defense to define more nar-

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

--- F.Supp.2d ----
--- F.Supp.2d ----, 2008 WL 2977585 (D.D.C.)

Page 10

rowly the disputed facts and issues."*Conley*, 355 U.S. at 47-48 (internal quotation marks omitted). It is not necessary for the plaintiff to plead all elements of his prima facie case in the complaint, *Swierkiewicz v. Sonoma N.A.*, 534 U.S. 506, 511-14, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002), or "plead law or match facts to every element of a legal theory,"*Krieger v. Fadely*, 211 F.3d 134, 136 (D.C.Cir.2000) (internal quotation marks and citation omitted).

Yet, the plaintiff must allege "any set of facts consistent with the allegations."*Bell Atl. Corp. v. Twombly*, --- U.S. ----, ----, 127 S.Ct. 1955, 1969, 167 L.Ed.2d 929 (2007) (abrogating the oft-quoted language from *Conley*, 355 U.S. at 45-56, instructing courts not to dismiss for failure to state a claim unless it appears beyond doubt that "no set of facts in support of his claim [ ] would entitle him to relief"); *Aktieselskabet AF 21. November 2001 v. Fame Jeans, Inc.*, 525 F.3d 8, 2008 WL 1932768, at *5 n. 4 (D.C.Cir. Apr.29, 2008) (affirming that "a complaint needs *some* information about the circumstances giving rise to the claims"). While these facts must "possess enough heft to 'sho[w] that the pleader is entitled to relief,' " a complaint "does not need detailed factual allegations." *Id.* at 1964, 1966.In resolving a Rule 12(b)(6) motion, the court must treat the complaint's factual allegations-including mixed questions of law and fact-as true and draw all reasonable inferences therefrom in the plaintiff's favor. *Macharia v. United States*, 334 F.3d 61, 64, 67 (D.C.Cir.2003); *Holy Land Found. for Relief & Dev. v. Ashcroft*, 333 F.3d 156, 165 (D.C.Cir.2003); *Browning*, 292 F.3d at 242. While many well-pleaded complaints are conclusory, the court need not accept as true inferences unsupported by facts set out in the complaint or legal conclusions cast as factual allegations. *Warren v. District of Columbia*, 353 F.3d 36, 40 (D.C.Cir.2004); *Browning*, 292 F.3d at 242.

Because the only difference between a 12(b)(6) motion and a 12(c) motion is the timeliness with which it was filed, the same substantive standard *Holt v. Davidson*, 441 F.Supp.2d 92, 95 (D.D.C.2006) (noting that "any distinction between [the two rules] is merely semantic because the same standard applies to motions made under either subsection") (quoting 2 FED. PRAC. 3d § 12.38, 12-101).

### 2. The Plaintiffs Fail to State a Claim Under the ADA

**\*9** [12][13] The insurance defendants argue that the ADA does not apply to them because they are not operating any place of public accommodation as required under Title III of the ADA. Defs.' Mot. Dismiss at 5-6; Defs.' Mot. J. Plead. at 9. The plaintiffs concede that their complaint contains no allegations under Title III of the ADA [FN8] but insist that their complaint is under Title II of the ADA, which they allege operates in conjunction with § 1983. Pls.' Opp'n at 8-9. The defendants point out that Title II only applies to governmental agencies, not private corporations. Defs.' Mot. J. Plead. at 9.

[14] The court agrees. Title II of the ADA only prohibits discrimination by "public entities." 42 U.S.C. § 12132. The insurance defendants are not "public entities" because they are not state or local governments. *See*42 U.S.C. § 12131 (defining public entity). The plaintiffs' proposed amended complaint does not resolve either fault, so amendment as to these defendants would be futile. *James Madison Ltd.*, 82 F.3d at 1099. The court, therefore, dismisses the claims against the insurance defendants under the ADA.

### 3. The Plaintiffs Fail to Allege Governmental Action to Sustain Their Civil Rights Claims

[15] The insurance defendants first argue that the claims under the First Amendment cannot be sustained because they are not state actors. Defs.' Mot. Dismiss at 7; Defs.' Mot. J. Plead. at 10. The plaintiffs do not respond to this argument. *See generally* Pls.' Opp'n. Nevertheless, the court may easily dispense of these claims. Claims under the First

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

--- F.Supp.2d ----
--- F.Supp.2d ----, 2008 WL 2977585 (D.D.C.)

Page 11

Amendment may only be brought against state actors. *See Santa Fe Indep. Sch. Dist. v. Doe,* 530 U.S. 290, 302, 120 S.Ct. 2266, 147 L.Ed.2d 295 (2000) (recognizing that the First Amendment's prohibitions only apply to governmental actions not private actions). The insurance defendants are not state actors: they are two private individuals and a private company. Compl. ¶¶ 7, 13, 14; *see also Santa Fe Indep. Sch. Dist.,* 530 U.S. at 302. The court, therefore, dismisses the First Amendment claims.

[16] Second, the insurance defendants contend that the plaintiffs failed to state a claim under § 1981 because they allege no facts regarding racial discrimination. Defs.' Mot. Dismiss at 8; Defs.' Mot. J. Plead. at 11-12. The plaintiffs respond by explaining the racial composition of their AA group and the disparate treatment it receives from the police compared to white AA groups. Pls.' Opp'n at 5; *see also* Proposed Amended Compl. ¶¶ 67-68. Even if the proposed amended complaint resolves the defendants' objection that no facts were alleged, the court is nonetheless entitled to apply the correct law to evaluate the plaintiffs' claims. *See Smith v. Mallick,* 514 F.3d 48, 51 (D.C.Cir.2008) (holding that the court is "entitled to apply the right body of law, whether the parties name it or not") (quoting *Mwani v. bin Laden,* 417 F.3d 1, 11 n. 10 (D.C.Cir.2005)). A plaintiff can bring § 1981 claims can be brought against private actors, but the complaint must allege facts that would show how the private actors racially discriminated against the plaintiffs.*Domino's Pizza, Inc. v. McDonald,* 546 U.S. 470, 474-75, 126 S.Ct. 1246, 163 L.Ed.2d 1069 (2006) (upholding dismissal of a § 1981 claim because the plaintiffs' allegations could not support a claim that the defendant had violated his personal rights rather than those of the principal for which he was the agent). The racial discrimination complained of here is that the District, through its officers, denied the plaintiffs access to the courts by refusing to take their statements after the accident. Compl. ¶ 67. This in no way implicates the insurance defendants who neither write police reports nor control access to the courts. *See id.*Therefore, the court dismisses the § 1981 claims.

*10 Third, the insurance defendants assert that the plaintiffs cannot maintain claims under § 1983 because the insurance defendants did not act under color of state law. Defs.' Mot. Dismiss at 8; Defs.' Mot. J. Plead. at 11. The plaintiffs retort that their claim is that the insurance defendants acted in concert with the D.C. defendants in denying the plaintiffs their rights. Pls.' Opp'n at 4-5. The court, however, need not address this argument because it disposes of the plaintiffs' § 1983 claims on alternative grounds. *See Smith,* 514 F.3d at 51.

[17]Section 1983"is not itself a source of substantive rights but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes."*Baker v. McCollan,* 443 U.S. 137, 144 n. 3, 99 S.Ct. 2689, 61 L.Ed.2d 433 (1979). To maintain a claim under § 1983, then, the plaintiffs must allege a violation of a federal right. *Polk v. District of Columbia,* 121 F.Supp.2d 56, 61 (D.D.C.2000). As discussed supra, the plaintiffs failed to advance such a claim under the ADA, the First Amendment or § 1981. Accordingly, the court dismisses the plaintiffs' § 1983 claims.

[18] Finally, the insurance defendants argue that the plaintiffs failed to state a claim under § 1985 because they mention no "underlying deprivation of federal rights" that was the object of the conspiracy. Defs.' Mot. Dismiss at 9; Defs.' Mot. J. Plead. at 12. The plaintiffs counter that they have alleged the existence of a conspiracy to discriminate against them. Pls.' Opp'n at 13-14. Section 1985 is only available when plaintiffs successfully state an underlying violation of federal rights that resulted from the alleged conspiracy. *Hall v. Clinton,* 285 F.3d 74, 82 (D.C.Cir.2002) (holding that a plaintiff cannot state a claim under § 1985 when the alleged conspiracy does not focus on an actionable wrong). As noted above, the plaintiffs have stated no underlying violation of their rights by the insurance defendants for which a remedy may be had, so they cannot state a claim under § 1985. *See id.*Therefore,

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

--- F.Supp.2d ----  
--- F.Supp.2d ----, 2008 WL 2977585 (D.D.C.)

Page 12

the court dismisses the plaintiffs' civil rights claims against the insurance defendants.

### D. The Court Dismisses *Sua Sponte* the Claims Against Defendant Kingsberry

[19] Defendant Bernetta Kingsberry has not filed a motion to dismiss in this case. The court may, however, dismiss the claims against her *sua sponte* if it is patently obvious that dismissal is appropriate. *Baker v. Director, U.S. Parole Comm'n*, 916 F.2d 725, 727 (D.C.Cir.1990). For the same reasons noted, *supra,* in Section C, the plaintiffs have not stated a claim against defendant Kingsberry, a private citizen, under the ADA, the First Amendment or §§ 1981, 1983 and 1985. The court, therefore, dismisses *sua sponte* the claims against defendant Kingsberry.

### E. The Court Declines Supplemental Jurisdiction over the Plaintiffs' Negligence and Fraud Claims

#### 1. Legal Standard for Supplemental Jurisdiction

*11 [20]"When a federal court has an independent basis for exercising federal jurisdiction, it may, in certain circumstances, also exercise supplemental jurisdiction over related claims under state law."*Women Prisoners of the D.C. Dep't of Corr. v. District of Columbia*, 93 F.3d 910, 920 (D.C.Cir.1996). To determine when the assertion of supplemental jurisdiction is appropriate, the district court should apply a two-part test. *Id.* (citing *United Mine Workers of Am. v. Gibbs,* 383 U.S. 715, 725, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966)). The court first must determine whether the state and federal claims derive from a common nucleus of operative fact. *Id.* If so, "the court has the power, under Article III of the Constitution, to hear the state claim."*Id.* The court then must decide whether to exercise its discretion to assert jurisdiction over the state claim. *Id.* (noting the Supreme Court's observation that supplemental jurisdiction "is a doctrine of discretion, not of plaintiff's right"). In deciding whether to assert supplemental jurisdiction over a state claim, the court should consider whether judicial economy, convenience and fairness to litigants weigh in favor of doing so. *Id.* A court may decline to exercise supplemental jurisdiction, however, if the state claim raises a novel or complex issue of state law, substantially predominates over the federal claims or remains after the court has dismissed the federal claims. *Id.* at 921 (citing 28 U.S.C. § 1367(c)).

#### 2. The Court Has Dismissed All Claims Over Which it Has Original Jurisdiction

The claims over which the court had original jurisdiction were those based on federal statutes and the U.S. Constitution, *see*28 U.S.C. § 1331,[FN9] and it has now dismissed all of those claims. The court, therefore, has discretion to decline supplemental jurisdiction over the plaintiffs' fraud and negligence claims. *Id* .§ 1367(c)(3). The court notes that dismissal does not prejudice the plaintiffs because the pendency of the suit in federal court tolls the statute of limitations for the supplemental claims. 28 U.S.C. § 1367(d). Consequently, the court, in its discretion, declines supplemental jurisdiction and dismisses these claims.

### IV. CONCLUSION

For the foregoing reasons, the court denies the plaintiffs' motions for leave to amend their complaint and to alter or amend the judgment. The court also grants the insurance defendants' motions to dismiss and for judgment on the pleadings and dismisses the claims under §§ 1981, 1983 and 1985, the ADA and the First Amendment. Because the court grants the motion to dismiss, the alternative motion for more definite statement is denied as moot. The court dismisses *sua sponte* the claims against defendant Kingsberry. Because no federal claims remain in this case, the court dismisses the

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

Case 1:08-cv-00297-RMC   Document 14-2   Filed 08/15/2008   Page 13 of 14

Page 14 of 15

--- F.Supp.2d ----
--- F.Supp.2d ----, 2008 WL 2977585 (D.D.C.)

Page 13

supplemental fraud and negligence claims. An order consistent with the Memorandum Opinion is separately and contemporaneously issued this 5th day of August, 2008.

FN1. The plaintiffs style their motion as one for reconsideration pursuant to Federal Rule of Civil Procedure 15(a), 59(e) and 60(b). Because the plaintiffs filed their motion before the court issued a final judgment, however, the court construes the plaintiffs' motion as one to alter or amend pursuant to Federal Rule of Civil Procedure 54(b).*Compare*FED.R.CIV.P. 54(b) (providing for "revision [of a decision] at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all parties") *with*FED.R.CIV.P. 60(b) (stating that "the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding") *and Stephenson v. Calpine Conifers II, Ltd.,* 652 F.2d 808, 812 (9th Cir.1981) (holding that a district court must enter a final judgment before a party may seek relief under Rule 59(e)), *rev'd on other grounds, In re Wash. Public Power Supply Sys. Sec. Litig.,* 823 F.2d 1349 (9th Cir.1987) (en banc).

FN2. One of the key changes in the plaintiffs' proposed amended complaint is to use the term "recovering alcoholic" instead of "recovered alcoholic." Pls.' Memo. in Support of Mots. for Reconsideration & to Amend the Compl. ("Pls.' Mot.") at 1. For the reasons stated in Section III.A.2 below, this distinction is irrelevant.

FN3. Progressive's first motion to dismiss, filed in September 2007, primarily relied on a statute of limitations argument. In a subsequent filing, the plaintiffs clarified when they filed the complaint, and the statute of limitations was no longer an issue.

*See* Mem. Op. (Mar. 10, 2008) at 4 n. 2.

FN4. After a court issues a final judgment, the plaintiff must meet the stringent standard of Rule 59(e) for reconsideration before the court will consider a motion to amend the complaint under Rule 15(a).*Firestone v. Firestone,* 76 F.3d 1205, 1208 (D.C.Cir.1996).

FN5. The ADA also protects individuals who are "being regarded as having" "an impairment that substantially limits one or more major life activities."42 U.S.C. § 12102(2). The plaintiffs allege that defendant Freeman, the reporting police officer, knew that the plaintiffs were AA members. Proposed Am. Compl. ¶¶ 28-31. Again, because being an AA member is not per se a disability, the plaintiffs have not plead sufficient facts to survive a motion to dismiss. *See Sutton,* 527 U.S. at 488-89;*see also RECAP,* 294 F.3d at 47.

FN6. As noted above, this argument is irrelevant because the court's March 2008 opinion was not a final judgment in this case under Rule 54 and the procedures of Rule 59(e) do not apply. *Childers v. Slater,* 197 F.R.D. 185, 190 (D.D.C.2000); FED.R.CIV.P. 54 (detailing the difference between a final judgment and a partial judgment).

FN7. As the defendant Progressive submitted its second motion to dismiss after the appropriate time frame, *see*FED.R.CIV.P. 12(b), the court treats it as one for a judgment on the pleadings, *id.* at 12(c).

FN8. Even if the plaintiffs were to contest this point, the defendants are correct that Title III of the ADA only prohibits discrimination by private parties in the operation of places of public accommodation. 42 U.S.C. § 12182. Insurance policies are not

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

--- F.Supp.2d ----  
--- F.Supp.2d ----, 2008 WL 2977585 (D.D.C.)

Page 14

physical locations and, therefore, are not places of public accommodation under the ADA. *See Fennell v. Aetna Life Ins. Co.,* 37 F.Supp.2d 40, 44 (D.D.C.1999).

FN9. The plaintiffs have not alleged sufficient facts to establish diversity jurisdiction because they do not state where defendants Progressive and Dykes are domiciled. *See* Compl. ¶¶ 13-14.

D.D.C.,2008.  
Williams v. Savage  
--- F.Supp.2d ----, 2008 WL 2977585 (D.D.C.)

END OF DOCUMENT

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.